08-5947-ag
Lim v. Holder

BIA
Brennan, IJ
A094 813 895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand and ten.

PRESENT:
ROBERT D. SACK,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

SELLVA LIM,
*Petitioner*,

v.                                              08-5947-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
*Respondent*.

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:                    Theodore N. Cox, New York, New York.

FOR RESPONDENT:                    Tony West, Assistant Attorney General; Janice K.
                                   Redfern, Senior Litigation Counsel; Gerard M.
                                   Alexander, Trial Attorney, Office of Immigration
                                   Litigation, United States Department of Justice,
                                   Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sellva Lim, a native and citizen of Indonesia, seeks review of a November 12, 2008 order of the BIA, affirming the July 31, 2007 decision of Immigration Judge ("IJ") Noel Ann Brennan, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sellva Lim*, No. A094 813 895 (B.I.A. Nov. 12, 2008), *aff'g* No. A094 813 895 (Immig. Ct. N.Y. City July 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

The agency did not err in its determination that the harm Lim alleged, consisting of unwanted sexual touching and solicitation, primarily while riding public transportation, and an incident where she was kicked by a classmate, did not rise to the level of past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Moreover, the IJ properly considered the cumulative effect of the events, rather than addressing the severity of each event in isolation. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency also did not err in its determination that Lim failed to establish a pattern or practice of persecution of ethnic Chinese non-Muslims in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Indeed, the BIA's determination that the background materials did not establish a pattern or practice of persecution against Chinese non-Muslims in Indonesia is supported by substantial evidence in the record. Moreover, while the BIA has an obligation to consider all evidence relevant to an applicant's claim, it need not "expressly parse or refute on the record each individual

2

argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). To the extent that Lim argues that the agency erred in failing to consider evidence in the record establishing a pattern or practice of violence in Indonesia directed against women in particular, because Lim failed to exhaust this argument before the BIA, we do not reach this argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120 (2d Cir. 2007). In sum, the agency did not err in finding that Lim failed to establish a pattern or practice of persecution of ethnic Chinese non-Muslims in Indonesia in light of the background materials in the record and our precedent. *See Santoso*, 580 F.3d at 112.

Because the agency did not err in concluding that Lim failed to establish a well-founded fear of persecution if returned to Indonesia, the agency's denial of Lim's application for asylum, withholding of removal, and CAT relief was not in error because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.2.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3